IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| GODFATHER'S PIZZA, INC., <br><br> Plaintiff, <br><br> v. <br> SHREE LAXMI LLC, <br><br> Defendant. | Case No. 8:16-cv-_____ <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

The Plaintiff alleges:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff, Godfather's Pizza, Inc. ("GPI"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nebraska.

2. Defendant Shree Laxmi LLC ("Shree Laxmi") is a limited liability company organized and existing under the laws of the State of Kentucky with its principal place of business in Kentucky.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1338, in that it is a civil action arising under an act of Congress relating to trademarks.

4. Venue is proper in this district in that this is "(a) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; and (b) if there is no district in which this action may otherwise be brought, a judicial district in which one or more of the defendants is subject to the Court's personal jurisdiction."

**STATEMENT OF FACTS**

5. GPI is the owner of the following trademarks on the principal register of the United States Patent and Trademark Office:



    a. GODFATHER'S PIZZA & DESIGN (shown at right), Reg. Nos. 2,980,637 and 1,114,984; and

    b. "GODFATHER'S PIZZA", Reg. Nos. 2,386,870 and 2,398,968

(collectively, the "Godfather's Marks").

6. The Godfather's Marks are distinctive, incontestable, and famous.

7. GPI operates a system of company-operated and franchised Godfather's Pizza Restaurants consisting of approximately 430 locations in 34 states (the "Godfather's Pizza System"). For almost all of its 43-year history, and at all times relevant to this complaint, GPI has been headquartered in Omaha, Nebraska, where franchise relationships are administered.

8. Shree Laxmi operates a T-Mart convenience store at 141 South Main Street, also known as US Highway 431 North, in Lewisburg, Kentucky ("T-Mart").

9. Until 2005, a previous owner of the convenience store where T-Mart is now located held a valid franchise to sell GPI products and use the Godfather's Marks. As a result of Shree Laxmi's acquisition of the T-Mart store, it acquired certain fixtures bearing the Godfather's Marks but no authorization to use or display the Godfather's Marks.

10. At some point after Shree Laxmi acquired the T-Mart, it embarked on a scheme to offer pizzas for sale in packaging bearing the Godfather's Marks,

and using at least some ingredients formulated in Nebraska and authorized for sale only to GPI franchisees.

11. To carry out this scheme, agents of Shree Laxmi had to convince distributors it was authorized to purchase proprietary food and packaging products formulated and licensed by GPI ("Proprietary Products") exclusively for authorized sellers of Godfather's Pizza products.

12. To purchase Proprietary Products, Shree Laxmi falsely claimed that it had a franchise relationship with GPI, which is based in Nebraska.

13. Shree Laxmi further claimed the benefits of a relationship with Nebraska-based GPI by selling pizza, made with ill-gotten ingredients, in boxes bearing the Godfather's Marks.

14. The manufacturer of the boxes bearing Godfather's marks pays a fee to GPI in Nebraska; by purposefully, if unlawfully, availing of itself of the Godfather's Marks in this way, Shree Laxmi participated in a revenue-generating relationship with GPI.

15. At no time has Shree Laxmi been authorized to use the Godfather's Marks in connection with any product or service.

16. Under the circumstances, however, given Shree Laxmi's repeated and illicit efforts to claim the benefits of a relationship with a company based in Nebraska, it would be inequitable to permit Shree Laxmi to claim it has an insufficient relationship with this forum.

17. Shree Laxmi's use of the Godfather's Marks infringes on the Godfather's Marks, in that Shree Laxmi has used and is using words, symbols,

or devices likely to cause confusion, or to cause a mistake regarding connection, affiliation or association between GPI and the Defendant.

18. Shree Laxmi's deceptive behavior demonstrates that its infringement is willful and that this is an exceptional case.

## CLAIMS FOR RELIEF

### First Claim for Relief - Trademark Infringement

19. The unauthorized use by the Defendant of the registered Godfather's Marks, in commerce, in connection with the sale, offering for sale, or advertising of goods, namely Defendant Shree Laxmi's pizza products, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

20. The infringement by Defendant Shree Laxmi is willful, in that Shree Laxmi's deceptive and surreptitious conduct demonstrates an understanding that its use of the Godfather's Marks and GPI's proprietary ingredients is a violation of the rights of GPI.

21. As a result of Defendant's infringement of the Godfather's Marks, GPI has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law, as well as economic damage.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A. That Defendant be enjoined, temporarily and permanently, from using the GPI Proprietary Products, the Godfather's Marks, or any other word, mark, device or phrase confusingly similar to the

        Godfather's Marks, on or in connection with the sale of the goods and services by Defendant Shree Laxmi;

B.    The Defendant's profits, as adjusted by the Court, from use of the GPI Proprietary Products, as provided by 15 U.S.C. § 1117(A)(1);

C.    Any damages sustained by GPI, as provided by 15 U.S.C. § 1117(A)(2);

D.    The costs of the action, as provided by 15 U.S.C. § 1117(A)(3);

E.    A finding that this is an exceptional case as provided by 15 U.S.C. § 1117(A) and an award of attorney fees; and

F.    In view of Defendant Shree Laxmi's willful infringement, an Order that all GPI Proprietary Products or any other reproduction, counterfeit, copy, or colorable imitation of the Godfather's Marks, shall be delivered up and destroyed, as provided by 15 U.S.C. § 1118.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1, Plaintiff respectfully requests that trial of this case be had at Omaha.

Dated this 9th day of August, 2016.

            GODFATHER'S PIZZA, INC., Plaintiff

         By: /s/ Richard P. Jeffries
            Richard P. Jeffries, #20089
            CLINE WILLIAMS WRIGHT
             JOHNSON & OLDFATHER, L.L.P.
            Sterling Ridge
            12910 Pierce Street, Suite 200
            Omaha, Nebraska 68144
            Telephone: (402) 397-1700
            Fax: (402) 397-1806
            Email: rickjeffries@clinewilliams.com

4819-9635-4357, v. 1